CARL J. CALAMIA, JR. ET AL

VERSUS

THE PARISH OF JEFFERSON, ET AL

NO. 20-CA-284

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 732-538, DIVISION "M"
HONORABLE ROBERT J. BURNS AND
HONORABLE E. JOHN LITCHFIELD, JUDGES PRO TEMPORE,
PRESIDING

December 23, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
   **JJM**
   **SMC**
   **SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
CARL J. CALAMIA, JR., CATHY CALAMIA GIANCOATIERI AND KAREN
CALAMIA, INDIVIDUALLY AND AS THE CHILDREN OF CARL J.
CALAMIA, SR. AND THERESA CALAMIA
 Erin Bruce Saucier
 Caleb H. Didriksen, III

COUNSEL FOR DEFENDANT/APPELLEE,
THE PARISH OF JEFFERSON
 Michael S. Futrell
 Matthew D. Moghis

**MOLAISON, J.**

Plaintiffs/appellants, appeal the trial court's judgment granting appellee's, the Parish of Jefferson's exception of prescription. For the reasons that follow, the trial court's judgment granting the exception of prescription is affirmed.

## PROCEDURAL HISTORY

The underlying matter is a survivorship and wrongful death action filed on October 31, 2013, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, arising from the February 21, 2007 death of Carl Calamia, Sr., who was diagnosed with malignant mesothelioma in August of 2006.  The lawsuit, filed by Mr. Calamia's children, named as defendants the Parish of Jefferson ("the Parish") and others and alleged that Mr. Calamia contracted mesothelioma when he worked as an underground utilities contractor installing, repairing, and replacing asbestos-cement water pipes throughout Jefferson Parish.

On October 26, 2018, the Parish filed an exception of prescription, which the trial court granted on January 29, 2019, dismissing all of plaintiffs' claims against it with prejudice.  Plaintiffs thereafter sought a timely devolutive appeal.  In *Calamia v. Par. of Jefferson,* 19-270 (La. App. 5 Cir. 12/30/19), 288 So.3d 278, this Court determined that documents relied upon by the trial court in granting the exception were not properly introduced into evidence.  Accordingly, we vacated the trial court's judgment on the exception of prescription and remanded for further proceedings.

The record shows that following remand, on January 2, 2020, the Parish filed a Peremptory Exception of Prescription or, in the Alternative, a Peremptory Exception of No Right of Action.  After a hearing on March 3, 2020, the trial court granted the Parish's exception of prescription and denied its exception of no right of action in an order dated March 16, 2020.  The instant appeal follows.

## LAW AND ANALYSIS

As they did in their prior appeal, the plaintiffs assert that a previous lawsuit filed in Orleans Parish against the Parish's alleged joint tortfeasors interrupted prescription pursuant to La. C.C. art. 2324(C). Conversely, the Parish argues that a lawsuit filed by the plaintiffs in Orleans Parish was not in a proper venue and that it was not properly served in the Orleans Parish lawsuit. Accordingly, the Parish contends that prescription was not interrupted pursuant to La. C.C. art. 3562.[1]

An exception of prescription is a peremptory exception that may be pleaded at any stage of the proceeding in the trial court before the submission of the case for a decision. La. C.C.P. arts. 927(A) and 928(B). The general rule is that "prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it." *Bailey v. Khoury*, 04-0620 (La. 1/20/05), 891 So.2d 1268, 1275 (citing *Bouterie v. Crane*, 616 So.2d 657, 660 (La.1993)). "Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed." *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So.3d 991, 998. If, however, prescription is evident on the face of the pleadings, then the burden shifts to the plaintiff to show that prescription has been interrupted or suspended and that the claim has not prescribed. *Id.*; see also *Kelley v. General Ins. Co. of America*, 14-0180 (La. App. 1 Cir. 12/23/14), 168 So.3d 528, 534. When evidence is introduced and evaluated at the trial of a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So.3d 620, 627.

---

[1] That article provides:

Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, **in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period**.
[Emphasis added.]

La. C.C. art. 3492 states that delictual actions are subject to a liberative prescription of one year, with prescription commencing to run from the day injury or damage is sustained. As noted above, the petition in the instant case was filed on October 31, 2013, over six years after Mr. Calamia's death in 2007. Thus, the appellants' petition was prescribed on its face, and it became their burden to show that prescription had been interrupted.

At the hearing on the exception of prescription, the plaintiffs introduced 11 exhibits into evidence, including a petition for damages filed on November 21, 2006, in civil district court for the parish of Orleans bearing case number 06-13200, which names the Parish of Jefferson as a defendant. Other exhibits consisted of citation of service for the Orleans Parish petition made upon the District Attorney for Jefferson Parish; the Parish's exceptions of improper venue and improper service, filed in the Orleans Parish lawsuit; the plaintiffs' motion and order for a partial dismissal of Jefferson Parish from the Orleans Parish lawsuit without prejudice, dated January 17, 2007; a copy of plaintiff's lawsuit filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on October 31, 2013; a second plaintiffs' motion and order for a partial dismissal of Jefferson Parish from the Orleans Parish lawsuit without prejudice, dated January 23, 2014; and documents from a case captioned *Handy, et al. v the Parish of Jefferson*, bearing 24th JDC case number 738-972.

### Proper venue for an action against the Parish

La. R.S. 13:5104 provides in relevant part:

B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.

Under the plain wording of La. R.S. 13:5104, the venue for a lawsuit against the Parish would generally only be proper in Jefferson Parish itself. The plaintiffs claim, however, that because the Parish of Orleans was also a defendant in the original 2006 lawsuit filed in New Orleans, venue was proper there. In *Underwood v. Lane Memorial Hosp.*, 97-1997 (La. 7/8/98), 714 So.2d 715, 719-720, the Louisiana Supreme Court held that otherwise properly cumulated actions against two political subdivisions located in different parishes, arising out of the same transaction or occurrence, may be brought in either parish, despite the requirement of La. R.S. 13:5104 that a political subdivision of the state must be sued in the judicial district where it is located.[2] However, the exception in *Underwood* would not apply if the Parish of Orleans was not named as a defendant in the Orleans Parish lawsuit.

Contrary to the plaintiffs' claim, a review of the record before us shows that the parish of Orleans was never made a defendant to the 2006 lawsuit.[3] On this basis, venue was improper as to Jefferson Parish for the 2006 lawsuit filed in Orleans Parish. As noted above, La. C.C. art. 3462 provides that prescription will be interrupted when a lawsuit is filed in an improper venue if a party is properly served.

***Improper service***

La. R.S. 13:5107 states, in relevant part:

> B. In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained **on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state** provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain such information with the

---

[2] As the supreme court in *Underwood, supra*, explained, the doctrine of ancillary venue "allows claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party." *Underwood,* 714 So.2d at 719.

[3] The Parish of Orleans was not named as a defendant in the original petition. While the plaintiffs previously asserted that the Parish of Orleans was added as a defendant in an amended petition, the Parish of Jefferson disputed the accuracy of that assertion, and the amended petition is not in the record before us.

information on agents for service of process for corporations. **If no agent or agents are designated for service of process, as shown by the lack of such designation in the records of the secretary of state, citation and service may be obtained on the district attorney, parish attorney, city attorney, or any other proper officer or person,** depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

The plaintiffs claim that the Parish did not have a registered agent of service at the time the original 2006 petition was filed and, therefore, service was proper upon the District Attorney for Jefferson Parish pursuant to La. R.S. 13:5107.[4] However, the Parish established that section 2-147 of its own Code of Ordinances specifically provides that "the parish attorney shall serve as agent for service of process in all suits instituted against the parish council, the parish, its departments, agencies, boards, districts and/or officers." The Parish also introduced documents that showed Parish Attorney Thomas Wilkinson was appointed as agent of service for the Parish of Jefferson on March 19, 1996, until a new appointment for an agent of service was made by the Parish through the Louisiana Secretary of State on June 29, 2012.[5]

The record establishes that when the Orleans Parish petition was filed in 2006, the Parish of Jefferson had appointed the parish attorney as its agent for service, which makes La. R.S. 13:5107 inapplicable. Therefore, when the plaintiffs incorrectly served the original lawsuit on the Jefferson Parish District Attorney, such service did not interrupt prescription pursuant to La. C.C. art. 3462.

---

[4] The Sheriff's return indicates that service of process for the petition was made upon the Jefferson Parish District Attorney Paul Connick, Jr., on December 6, 2006.

[5] This information was included as Exhibit "F" to the Parish's exceptions. The March 3, 2020 minute entry, related to the hearing on the Parish's exceptions, indicates that the documents were offered and entered into evidence on that date.

## CONCLUSION

Mr. Calamia passed away on February 21, 2007; however, the instant lawsuit was not filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson until October 31, 2013. Thus, the action was prescribed on its face under La. C.C. art. 3492, which provides a one year liberative prescription from the day injury or damage is sustained. The plaintiffs failed to demonstrate that their 2006 action filed in Orleans Parish was a proper venue for Jefferson Parish or, in the alternative, that Jefferson Parish was properly served notice within the applicable prescriptive period. Accordingly, for the foregoing reasons, we find no error on the part of the trial court in granting the Parish's exception of prescription. The judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 23, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-CA-284

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. JOHN LITCHFIELD (DISTRICT JUDGE)
E. JOHN LITCHFIELD (APPELLANT)
ERIN BRUCE SAUCIER (APPELLANT)
WILLIAM PETER CONNICK (APPELLEE)

ALEXANDER A. LAURICELLA
(APPELLANT)
MATTHEW D. MOGHIS (APPELLEE)

CARL A. WOODS, III (APPELLANT)
MICHAEL S. FUTRELL (APPELLEE)

### MAILED

HONORABLE ROBERT J. BURNS,
JUDGE PRO TEMPORE (DISTRICT JUDGE)
JUDGE DIVISION "M"
24TH JUDICIAL DISTRICT COURT
4TH FLOOR, SUITE 4100
GRETNA, LA 70053

CALEB H. DIDRIKSEN, III (APPELLANT)
ATTORNEY AT LAW
3114 CANAL STREET
NEW ORLEANS, LA 70119